IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Doe,<br><br>        Plaintiff,<br><br>v.<br><br>Mayo Clinic, et al.,<br><br>        Defendants. | No. CV-24-01540-PHX-ESW<br><br>**ORDER** |

Pending before the Court the Court is Plaintiff's "Rule 59(e) FRCP Motion to Amend Judgment" (Doc. 38). The Court has reviewed the Motion (Doc. 38), Defendants' Response (Doc. 41), and Plaintiff's Reply (Doc. 43). For the reasons explained below, the Court will grant the Motion (Doc. 38).

On November 18, 2024, the Court granted Defendants' Motion to Dismiss (Doc. 25) Plaintiff's First Amended Complaint for Plaintiff's failure to comply with Federal Rule of Civil Procedure 10. (Doc. 36 at 5, 13.) The Court further concluded that dismissal of certain claims was also warranted under Federal Rule of Civil Procedure 12(b)(6). The Court's Order states:

> The Court further finds that dismissal of Counts One, Four, and Seven is warranted under Federal Rule of Civil Procedure 12(b)(6), and the Court alternatively grants Defendants' request to dismiss to Counts One, Four, and Seven on that basis. Count Three is alternatively stricken on the basis that a request for punitive damages is a remedy, not a standalone claim.

(Doc. 36 at 13.) However, the Court did "not find that Rule 12(b)(6) dismissal is warranted as to Counts Two, Five, and Six." (*Id.*) Counts Two, Five, and Six of the First Amended Complaint (Doc. 22) are Arizona state law claims for defamation, breach of contract, and breach of the implied covenant of good faith and fair dealing. The Court dismissed the First Amended Complaint without prejudice and set December 13, 2024 as the deadline for Plaintiff to file a Second Amended Complaint. (Doc. 36 at 13.)

On December 19, 2024, the Court issued an Order (Doc. 37) noting that Plaintiff failed to file a Second Amended Complaint by December 13, 2024. The Court dismissed the First Amended Complaint with prejudice. (*Id.*)

On January 15, 2025, Plaintiff filed the pending Motion (Doc. 38) requesting that the Court amend the judgment to provide that Plaintiff's unadjudicated state law claims in Counts Two, Five, and Six are dismissed without prejudice.

A motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) is appropriate if the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014). Additionally, Federal Rule of Civil Procedure 60(a) provides that the Court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice."

Plaintiff correctly asserts that once his federal claims were dismissed, the Court would not retain supplemental jurisdiction over the surviving state law claims. (Doc. 43 at 6); *see Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 25 (2025) (explaining that when a plaintiff amends his or her complaint to omit the federal-law claims that enabled removal to federal court, leaving only state-law claims behind, the federal court loses supplemental jurisdiction over the state claims, and the case must be remanded to state court); *see also Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (instructing that when "the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them

without prejudice") (quoting *Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n*, 884 F.2d 504, 509 (9th Cir. 1989)).  After reviewing the parties' briefing (Docs. 38, 41, 43), the Court finds that amendment of the December 19, 2024 Order (Doc. 37) is warranted to correct the scope of dismissal.  Accordingly,

**IT IS ORDERED** granting Plaintiff's "Rule 59(e) FRCP Motion to Amend Judgment" (Doc. 38).

**IT IS FURTHER ORDERED** amending the Court's December 19, 2024 Order (Doc. 37) to reflect that Counts Two, Five, and Six of the First Amended Complaint are dismissed **without prejudice**.  The federal claims remain dismissed **with prejudice**.

Dated this 13th day of February, 2025.

_____
Eileen S. Willett
United States Magistrate Judge